UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| AMBER LEI WEBB,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY;<br><br>Defendant. | 5:16-CV-05085-VLD<br><br>ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS<br><br>DOCKET NO. 28 |

**INTRODUCTION**

Following the court's order remanding this case to the Social Security agency for further consideration, plaintiff Amber Webb filed a motion for an award of attorney's fees, expenses, and costs. See Docket No. 28. The Commissioner objected in part to the request. See Docket No. 30.

**DISCUSSION**

Under the EAJA, a prevailing party in a civil suit against the United States or one of its agencies shall be awarded attorney's fees and costs. See 28 U.S.C. § 2412(a) and (d)(1)(A). However, if the court finds that the government's position was substantially justified, the court may choose not to make such an award. Id. at (d)(1)(A).

An application for fees and costs under the EAJA must be made "within thirty days of final judgment in the action." See 28 U.S.C. § 2412(d)(1)(B). By local rule, litigants seeking attorney's fees in this district must file a motion for attorney's fees within 28 calendar days after the entry of judgment, absent a showing of good cause. See DSD L.R. 54.1C. Here, the court entered final judgment in Ms. Webb's favor on March 5, 2018. See, Docket No. 26. Ms. Webb filed her motion for attorney's fees on April 23, 2018. See Docket No. 28. This was fully one and a half months after the deadline for requesting attorney's fees under either the EAJA or this district's local rule. Ms. Webb does not acknowledge that her motion is untimely, nor does she offer any excuse constituting good cause for missing the filing deadline. The Commissioner, however, does not object to the motion on timeliness grounds.

The 30-day deadline under the EAJA is not jurisdictional. See Scarborough v. Principi, 541 U.S. 401, 413-14 (2004). Although the Commissioner does object to the requested award of attorney's fees in this case, the objection is substantive, not procedural. The 30-day time limit can be waived by the Commissioner by not raising the argument. See Vasquez v. Barnhart, 459 F. Supp. 2d 835, 836 (N.D. Iowa 2006). This court, too, finds that the 30-day requirement has been waived by the Commissioner in Ms. Webb's case because it was not urged as grounds for denying the instant motion.

In order to avoid an award attorney's fees under the EAJA, the government's position must have been "substantially justified" at both the administrative level and at the district court level. Kelly v. Bowen, 862 F.2d 1333, 1337 (8th Cir. 1988). In determining whether the government's position was substantially

justified, the court should examine whether that position had a clearly reasonable basis in fact and in law, "both at the time of the Secretary's decision and the action for judicial review." Id.; Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005). The government's position can be factually and legally reasonable, "solid," even though that position turned out to be not necessarily correct. Kelly, 862 F.2d at 1337. A loss on the merits does not give rise to a presumption that the Commissioner's position was not substantially justified. Goad, 398 F.3d at 1025. The Commissioner bears the burden of proving that its position was substantially justified. Id.

Ms. Webb requested an award of the following:

| | |
|---|---:|
| Attorney's Fees ($183.75 hourly rate x 54.43 hours) | $10,001.51 |
| Sales Tax on Attorney's Fees (6.5%) | 650.10 |
| Filing Fee | 400.00 |
| TOTAL AWARD REQUESTED: | $11,051.61 |

Ms. Webb's attorney's actual hours expended pursuing judicial review of the Commissioner's decision below was 77.75 hours. See Docket No. 29-2 at p. 3. However, Ms. Webb voluntarily reduced these hours to 54.43, a 25 percent reduction. Id.

The Commissioner does not take issue with Ms. Webb's entitlement to an award in general, nor with counsel's hourly rate, nor with the sales tax or filing fee part of the request. Instead, the Commissioner seeks a reduction of Ms. Webb's attorney's fees to the "customary" hours of 20 to 40 hours "routinely" spent on a "typical" social security file. The Commissioner also raises three specific issues regarding the time entries.

The three specific objections the Commissioner raises are: (1) one pre-complaint entry for 1.25 hours by Ms. Webb's attorney is non-compensable; (2) two entries on September 15 and 16, 2016, for a total of .58 of an hour are non-compensable because they relate to representation at the administrative level; and (3) .25 hours on October 28, 2016, for certain secretarial-type actions by Ms. Webb's attorney are non-compensable.

As to the Commissioner's general objection, she argues the total number of attorney hours expended is too much given the experience of Ms. Webb's attorney, the routine nature of the issues raised, the "boilerplate" arguments contained in Ms. Webb's brief, and the amount of time spent drafting the facts in the brief.

Ms. Webb concedes issues two and three, totaling .83 hours, but then requests 1 additional hour for drafting the reply brief on her motion for attorney's fees. As to the 1.25 hours her attorney spent prior to filing the complaint in this matter, Ms. Webb counters that her lawyer's ethical requirements dictate that she assess each claim to determine if it is meritorious prior to asserting it. See Docket No. 31 at p. 5 (citing SDCL § 16-18-15; Webb v. Cty. Bd. Educ., 471 U.S. 234, 243 (1985)). The total number of hours of attorney time Ms. Webb now requests as an award is 54.76 hours (for a total of $10,062.15 + $654.04 sales tax).

As to the Commissioner's general objection to the number of hours, Ms. Webb argues the issues in the case were complex (date of onset) or had a paucity of evidence (morbid obesity in combination with musculoskeletal impairments). Furthermore, Ms. Webb points out that she won a remand order on a majority of issues raised, and favorable treatment of some issues on which she did not win the remedy sought (consultative exam). With regard to the 7 pages of

facts, Ms. Webb argues the joint statement of facts organized the medical information chronologically while the facts in the brief were organized according to which impairment they related to, which was necessary to effectively represent Ms. Webb.  Finally, Ms. Webb asserts she can identify no passages in her briefs that constitute "boilerplate."

In Hensley v. Eckerhart, 461 U.S. 424 (1983), the Court explored the legislative history of 42 U.S.C. § 1988 allowing awards of attorney's fees for prevailing plaintiffs in civil rights litigation.  Courts should apply the lodestar method:  multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate.  Id. at 433.  In determining the lodestar, the Court noted that Congress cited approvingly to the 12 factors outlined in Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714 (5th Cir. 1974).[1]  Hensley, 461 U.S. at 429-30.  Courts applying the EAJA have applied the rationale from Hensley and other civil rights attorney's fees statutes.  Costa v. Comm'r. Social Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012).

The twelve Johnson factors are:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney in order to accept the case; (5) the customary fee, (6) whether the fee is hourly or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the

---

[1] In Blanchard v. Bergesen, 489 U.S. 87, 93 (1989), the United States Supreme Court overruled that part of Johnson which held that a contingent fee agreement imposes an automatic cap on attorney's fee award.

attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 718-19.

In Costa, the Ninth Circuit stated it is unlikely a lawyer will spend unnecessary hours on a contingent fee case in order to inflate her fee award in a case like a social security appeal because "[t]he payoff is too uncertain." Costa, 690 F.3d at 1136 (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1112-13 (9th Cir. 2008)). The court noted that social security cases by their very nature are fact-intensive and require careful review of the administrative record, making the adjective "routine" "a bit of a misnomer." Id. at 1134 n.1. Instead, the court cautioned deference to the "winning lawyer's professional judgment as to how much time [s]he was required to spend on the case." Id. at 1136. The court held that a district court can reduce an attorney's fee award by up to 10 percent without detailed explanation, but larger cuts required more specific explanation. Id.

The court rejected the lower court's application of a "rule of thumb" of 20 to 40 hours for a "routine" social security case. Id. The court noted surveying fee awards in similar cases was useful in determining the reasonable hourly rate, but it was "far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors including" the size of the administrative record, the novelty and complexity (and number) of legal issues, the procedural history and when counsel was retained. Id. at 1136.

In Hogan v. Astrue, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008), the court noted that routine social security cases require an average of 20 to 40 hours of attorney time. However, the court noted that it did not hesitate to award fees in excess of the routine 20-40 hours where the facts of a specific case warrant it. Id. (citing cases where 51.9 hours and 51 hours were awarded). In the Hogan case itself, the administrative transcript was 353 pages and the substantive issues involved were not noteworthy; the court found the attorney's requested hours of 54.0 to be "slightly excessive." Id. The court reduced the fee award by 5 percent. Id.

In Harden v. Comm'r. Social Sec. Admin., 497 F. Supp. 2d 1214 (D. Or. 2007) abrogated on other grounds by Costa v. Comm'r of Social Security, 690 F.3d 1132, 1137 (9th Cir. 2012), the total attorney's fees requested were reduced to 40 hours where 24 hours had been billed by an inexperienced attorney whom, the court held, did not have the right to be trained at the government's expense. The court in Coleman v. Astrue, 2007 WL 4438633 at *3 (N.D. Iowa Dec. 17, 2007), also noted that other courts have held routine disability benefits cases commonly require 20 to 40 hours of attorney time and reduced counsel's hours because the transcript was only 294 pages and the issues were not particularly complex or novel.

Here, Ms. Webb's case required an opinion of 162 pages to discuss and resolve six distinct legal issues with several subparts. See Docket No. 25. Ms. Webb asserted numerous mental and physical impairments, with two of her physical impairments being rather rare conditions. Id. The administrative record in her case was 792 pages. Although the length of the administrative record was

7

certainly not unheard of, it was longer than usual and, thus, not typical. The reduction the Commissioner seeks is not minor but instead amounts to a 27 percent reduction in Ms. Webb's attorney hours. The court finds that reduction unwarranted.

Although Costa indicates comparison with attorney awards in other cases is not very useful in a social security case as to the number of hours expended by an attorney, that is one of the Johnson factors the Hensley Court found relevant. Accordingly, the court considers it. In the District of South Dakota, recent attorney's fee awards in social security cases have ranged from 24.4 hours for a rather surgical, single-issue case (Preston v. Berryhill, 5:16-cv-05097-VLD), to 43.75 hours in a case involving four legal issues which were resolved in a 75-page opinion (LeMair v. Colvin, 4:14-cv-04053-LLP). The court notes that in the latter case, although the attorney hours were only 43.75 hours, the total attorney's fee award was comparable to what Ms. Webb seeks herein ($10,879.50) because the hourly rate requested was higher. Additionally, 41.50 hours were awarded for a total of $7,055 in a single-issue appeal requiring an opinion of only 41 pages to resolve (Bormes v. Berryhill, 4:16-cv-04155-VLD). In Bormes, the Commissioner did not object to the request for attorney's fees. Thus, the court finds Ms. Webb's request for attorney's fees in this case, although at the slightly higher end of the range, is definitely not an outlier in either hours expended or the total amount of fees requested.

As to the replication of 7 pages of facts in Ms. Webb's brief, the court agrees with Ms. Webb's counsel that reordering the facts by impairment—in this case—was an effective way to present Ms. Webb's arguments. The normal ordering of

medical records in a social security administrative record is not conducive to opinion-writing by the court. Records in the AR are organized by provider in reverse chronological order. The court especially appreciates when counsel for one or both parties reorganizes the recitation of the medical facts in a way that makes sense given the issues raised. Sometimes this requires presenting medical records chronologically, other times it lends itself to organization by impairment. The court is appreciative of attorney time spent making the administrative record more accessible and sensible to the court and will not penalize counsel for spending time in doing so.

Other <u>Johnson</u> factors are the novelty and difficulty of the questions, a factor which here favors Ms. Webb because although the legal issues themselves are recurring, the application of those legal issues to Ms. Webb's unique facts are not. The results obtained also favor Ms. Webb as she prevailed on nearly all of her issues. The Commissioner tacitly concedes the experience, reputation and ability of Ms. Webb's attorney by not arguing to the contrary on this basis. The "undesirability" of the case also cuts in Ms. Webb's favor. Social security cases present what can fairly be characterized as the "worst" of all cases economically for a lawyer: they require a high level of skill and knowledge in a byzantine area of the law, they are contingent fee cases which are risky as a lawyer may end up working for free, and that risk is not offset by a higher recovery in successful cases because the fees are limited by statute.

The court does agree with <u>Costa</u> in this regard: it is highly unlikely that an attorney will spend unnecessary time on a contingent fee case in the hopes of inflating a later fee award. The nature of contingent fee cases requires that

attorneys hone their efficiency—the lawyer who doesn't do so soon finds him- or herself unable to earn a living. Ms. Webb's attorney has been able to thread this needle for 32 years, attesting to her ability to handle social security cases efficiently. Finally, the fact that counsel for Ms. Webb voluntarily reduced her hours prior to submitting her request for attorney's fees in this case speaks to the reasonableness of the hours.

## CONCLUSION

Based on the foregoing facts, law and analysis, it is hereby

ORDERED that plaintiff Amber Webb's motion for attorney's fees, costs, and expenses [Docket No. 28] is granted. Plaintiff is awarded Equal Access to Justice Act ("EAJA") attorney's fees of $10,062.15, and sales tax expenses of $654.04, for total fees and expenses of $10,716.19, to be paid by the Social Security Administration. Further, plaintiff is awarded reimbursement of costs of $400.00, to be paid by the Judgment Fund. Funds shall be made payable to plaintiff. After any offset to satisfy any pre-existing debts the plaintiff may owe to the United States, the Treasury Department will send the remaining amount to the office of plaintiff's counsel.

DATED May 9, 2018.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge